**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**EASTERN DIVISION**

BRAD PORTER                                                                       PLAINTIFF

V.                                               CIVIL ACTION NO.: 1:06CV293-SA-JAD

JAMES FARRIS, in his individual capacity
for both federal and state law violations                                   DEFENDANT

**MEMORANDUM OPINION GRANTING DEFENDANT'S MOTION TO DISMISS OR,
IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT**

This cause is before the Court on Defendant's Motion to Dismiss or, in the Alternative, for Summary Judgment. From its review of all matters made a part of the record of this case, as well as applicable law, and being thus fully advised in the premises, the Court finds that the Motion to Dismiss should be granted. The Court specifically finds as follows:

### I. Factual and Procedural Background

Porter, a former employee of the Lowndes County Sheriff's Department, filed a Complaint (Porter I) on July 15, 2004, against both the Lowndes County Sheriff's Department and Lowndes County as a separate entity, as well as James Farris, a deputy and criminal investigator with the Department, who was sued in his individual capacity. Porter alleged that his July 2002 indictment for false pretenses and embezzlement was not based upon probable cause and therefore violated his rights under the Fourth Amendment. However, Porter restricted the Section 1983 claims in his Complaint only as to Lowndes County and named Farris as the defendant only with regard to certain state law claims.

On October 18, 2005, this Court granted Defendants' Motion to Dismiss Porter's Section 1983 claims brought against Lowndes County. In response to Porter's argument that Farris failed

to present "all" evidence before the grand jury tending to exculpate Porter on the false pretense and embezzlement charges, this Court held that Farris only had a duty to present exculpatory evidence which "clearly negates guilt" and, therefore, Farris did not have a "broad duty to present all exculpatory evidence." Porter v. Lowndes County, Mississippi, et. al., 406 F. Supp. 2d 708, 712 (N.D. Miss. 2005).

After reviewing the summary judgment evidence bearing on this issue, the Court found that "the grand jury had probable cause to indict [Plaintiff], and the causal connection is broken. Summary judgment is therefore appropriate as to the Section 1983 claim." Id. This Court held the July 2002 indictment established "probable cause" as a matter of law and dismissed without prejudice the state law claims against Farris and Lowndes County so that Porter could re-file in state court. This Court also noted an alternative basis for granting the motion: the Plaintiff failed to meet the necessary requirements to maintain a Section 1983 claim against the County and the Sheriff's Department as required by Monell v. Department of Social Services, 436 U.S. 658, 694, 98 S. Ct. 2018, 2037, 56 L. Ed. 2d 611 (1978)). This Court explained

> even if the Court accepted [Porter's] implication that Farris deliberately and maliciously kept exculpatory evidence from the grand jury (which is not supported in the record), he would still have to demonstrate that some County policy, promulgated by an official policy maker, was the moving force behind Farris's improper actions. [Porter] has failed to do so.

Porter I, 406 F. Supp. 2d at 713.

Plaintiff immediately appealed the grant of summary judgment. The Fifth Circuit affirmed this Court's judgment on October 2, 2006. Porter v. Lowndes County, Mississippi, et. al., 200 Fed. Appx. 280 (5th Cir. 2006). Plaintiff filed the present lawsuit (Porter II) on October 26, 2006, naming Farris in his individual capacity for the federal and state law claims as the only defendant.

2

Specifically, Porter alleges again that his 2002 indictment was not based on probable cause, and that the indictment was tainted by the failure to advise the grand jury of "crucial" exculpatory evidence. Porter further contends his indictment violated his Fourth and Fourteenth Amendment rights under Section 1983, and that the indictment and the subsequent prosecution amounted to "malicious prosecution" under Mississippi law.

Defendant has now filed a Motion to Dismiss or, in the Alternative, Summary Judgment, asserting he is entitled to dismissal of this action, with prejudice, based on the doctrine of collateral estoppel given the legal and factual determinations made by this Court in the related case, Porter I.

## II. Standard of Review

"To qualify for dismissal under Rule 12(b)(6), a complaint must on its face show a bar to relief." Clark, 794 F.2d at 970; see also Mahone v. Addicks Util. Dist., 836 F.2d 921, 926 (5th Cir. 1988); United States v. Uvalde Consol. Indep. Sch. Dist., 625 F.2d 547, 549 (5th Cir. 1980), cert. denied, 451 U.S. 1002, 101 S. Ct. 2341, 68 L. Ed. 2d 858 (1981). Dismissal is appropriate only when the court accepts as true all well-pled allegations of fact and, "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Thomas v. Smith, 897 F.2d 154, 156 (5th Cir. 1989); Conley v. Gibson, 355 U.S. 41, 45-6, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957); see Mahone, 836 F.2d at 926; McLean v. Int'l Harvester, 817 F.2d 1214, 1217 n.3 (5th Cir. 1987); Jones v. United States, 729 F.2d 326, 330 (5th Cir. 1984).

Rule 12(b) notes that where a motion to dismiss for failure to state a claim upon which relief can be granted includes matters outside the pleading, the motion is treated as one for summary judgment under Federal Rule of Civil Procedure 56. FED. R. CIV. P. 12(b).

The present motion must be analyzed under the standards of a Motion for Summary Judgment

because evidence outside the pleadings was presented to the Court. Rule 56 of the Federal Rules of Civil Procedure provides, in relevant part, that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). The United States Supreme Court has held that this language "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed.2d 265 (1986); see also Moore v. Mississippi Valley State Univ., 871 F.2d 545, 549 (5th Cir. 1989); Washington v. Armstrong World Indus., 839 F.2d 1121, 1122 (5th Cir. 1988).

The party moving for summary judgment bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the record in the case which it believes demonstrate the absence of a genuine issue of material fact. Celotex, 477 U.S. at 323, 106 S. Ct. 2548. The movant need not, however, support the motion with materials that negate the opponent's claim. Id., 106 S. Ct. 2548. As to issues on which the non-moving party has the burden of proof at trial, the moving party need only point to portions of the record that demonstrate an absence of evidence to support the non-moving party's claim. Id. at 323-24, 106 S. Ct. 2548. The non-moving party must then go beyond the pleadings and designate "specific facts showing that there is a genuine issue for trial." Id. at 324, 106 S. Ct. 2548.

Summary judgment can be granted only if everything in the record demonstrates that no genuine issue of material fact exists. Id., 106 S. Ct. 2548. It is improper for the district court to

"resolve factual disputes by weighing conflicting evidence, ... since it is the province of the jury to assess the probative value of the evidence." Kennett-Murray Corp. v. Bone, 622 F.2d 887, 892 (5th Cir. 1980). Summary judgment is also improper where the court merely believes it unlikely that the non-moving party will prevail at trial. Nat'l Screen Serv. Corp. v. Poster Exchange, Inc., 305 F.2d 647, 651 (5th Cir. 1962).

### III.  Discussion

A.     Collateral Estoppel

Defendant contends that Plaintiff's claims are barred by collateral estoppel. In response, Plaintiff argues that the Defendant has failed to establish all the requisite factors for this affirmative defense, and therefore, his claims are not barred by collateral estoppel.

The doctrine of collateral estoppel, also known as issue preclusion, "applies to prevent issues of ultimate fact from being relitigated between the same parties in a future lawsuit if those issues have once been determined by a valid and final judgment." Vines v. Univ. of Louisiana at Monroe, 398 F.3d 700, 705 (5th Cir. 2005) (citing Ashe v. Swenson, 397 U.S. 436, 443, 90 S. Ct. 1189, 25 L. Ed.2d 469 (1970); Restatement (Second) of Judgments § 27 (1982)). "[A] right, question, or fact distinctly put in issue and directly determined as a ground of recovery by a court of competent jurisdiction collaterally estops a party or his privy from relitigating the issue in a subsequent action." Freeman v. Lester Coggins Trucking, Inc., 771 F.2d 860, 862 (5th Cir. 1985) (quoting Hardy v. Johns-Manville Sales Corp., 681 F.2d 334, 338 (5th Cir.1982)).

Under federal law, there are three prerequisites to the application of collateral estoppel: (1) that the issue at stake be identical to the one involved in the prior litigation; (2) that the issue has

5

been actually litigated in the prior litigation; and (3) that the determination of the issue in the prior litigation has been a critical and necessary part of the judgment in that earlier action. Pace v. Bogalusa City Sch. Bd., 403 F.3d 272, 290 (5th Cir. 2005). In addition to these three factors, the court must also determine that there is no special circumstance that would make it unfair to apply the doctrine of collateral estoppel. Winters v. Diamond Shamrock Chem. Co., 149 F.3d 387, 391 (5th Cir. 1998) (internal citations omitted).

For collateral estoppel purposes, the first question is whether the issue at stake in this case is the same as the one involved in the prior action. In both cases, Porter alleges that his 2002 indictment lacked probable cause, and that the indictment was tainted by the failure to advise the grand jury of exculpatory evidence. The issue at stake presently against Defendant Farris is the identical issue raised against Defendant Lowndes County in the previous lawsuit. Therefore, Defendant has satisfied the first prong.

The second question is whether the issue has been actually litigated in the prior suit. A review of the summary judgment opinion granting Defendant Lowndes County's Motion for Summary Judgment shows that the central focus of the Court's analysis and basis for the decision was the question of whether the indictment served to conclusively establish the existence of probable cause for Porter's arrest. The Court concluded:

> the only evidence in this case which was clearly and unambiguously exculpatory was Brenda's insistent statement that [Plaintiff] was not involved at all in her criminal activities. The record indicates that this statement was presented to the grand jury, which nevertheless handed down an indictment against [Plaintiff] on the basis of Farris's notes and other observations which led to the conclusion that Brenda could not have acted alone. Accordingly, the grand jury had probable cause to indict Brad, and the causal connection is broken. Summary judgment is therefore appropriate as to the § 1983 claim.

6

Porter I, 406 F. Supp. 2d at 712, *aff'd* 200 Fed. Appx. 280 (5th Cir. 2006).

In the instant case, the validity of Porter's Section 1983 claim hinges on whether probable cause existed for his arrest. The arrest must have lacked probable cause to withstand summary judgment. However, the existence of probable cause was adjudicated in Porter I, and the Court made its conclusions based on those arguments. Accordingly, Defendant has met the second prong needed for this Court to find collateral estoppel.

The third question is whether the prior determination of probable cause was a critical and necessary part of the judgement in Porter I. Porter resists the application of collateral estoppel by arguing that the presence of an alternative basis for this Court's prior dismissal of his Section 1983 claims makes collateral estoppel inappropriate in this case. The Court is unpersuaded by Plaintiff's assertion.

Although the Fifth Circuit has not addressed this issue specifically, the majority of Circuits routinely give alternative defensive collateral estoppel effect in furtherance of judicial economy and as a matter of fairness and common sense. Specifically, the majority of Circuits considering this issue give preclusive effect to each alternate holding. See Gelb v. Royal Globe Ins. Co., 798 F.2d 38, 45 (2nd Cir. 1986) (the general rule in this Circuit is that if a court decides a case on two grounds, each is good estoppel); Jean Alexander Cosmetics, Inc. v. L'Oreal USA, Inc., 458 F.3d 244, 255 (3rd Cir. 2006) (adopting "majority" rule that permits the application of issue preclusion to alternative findings); Magnus Electronics, Inc. v. La Republica Argentina, 830 F.2d 1396, 1402 (7th Cir. 1987) (holding that there is no adequate reason not to apply position of first restatement of judgments rule that alternate holdings will each be accorded collateral estoppel effect); Schellong v. INS, 805 F.2d 655, 658-59 (7th Cir. 1986) (a judgment which is based on alternative grounds is an effective

7

adjudication as to both and is collaterally conclusive as to both); In re Westgate-California Corp., 642 F.2d 1174, 1176-77 (9th Cir. 1981) (following "established rule" that preclusion applies to each adjudicated issue necessary to support any of the grounds upon which a judgment rests); DeWeese v. Town of Palm Beach, 688 F.2d 731, 734 (11th Cir. 1982) (noting general rule that alternative basis would form an independent ground for collateral estoppel).

Specifically, the Third Circuit in Jean Alexander Cosmetics found that "a determination that is independently sufficient to support a court's judgment is not 'incidental, collateral or immaterial to that judgment,' . . . and it is reasonable to expect that such finding is the product of careful judicial reasoning." 458 F.3d at 254.

This Court adopts the majority view of the Circuits and holds that the finding of probable cause in Porter I was a critical and necessary part of the judgment. In the interest of judicial economy and fairness to the litigants, Porter is collaterally estopped from re-litigating whether his indictment served to conclusively establish the existence of probable cause.

There are no special circumstances that would make it unfair to apply the doctrine of collateral estoppel and, as the issue of probable cause has already been determined by this Court and affirmed by the Fifth Circuit, the doctrine of collateral estoppel prevents the court from reconsidering the issue. Therefore, Defendant Farris is entitled to judgment as a matter of law and his Motion for Summary Judgment as to this issue is GRANTED.

B.   Malicious Prosecution

A cause of action for the tort of malicious prosecution requires the following elements: "(1) the institution of a proceeding, (2) by, or at the insistence of the defendant, (3) the termination of such

proceeding in plaintiff's favor, (4) malice in instituting the proceedings, (5) want of *probable cause* for the proceedings, [and] (6) the suffering of injury or damage as a result of the prosecution." Condere Corp. v. Moon, 880 So. 2d 1038 (Miss. 2004). Chief among the elements of a malicious prosecution claim is the requirement that the plaintiff sustain the burden of proof that the criminal proceeding was initiated or continued without probable cause. Taylor v. Gregg, 36 F. 3d 453, 456 (5th Cir. 1994); McClinton v. Delta Pride Catfish, Inc., 792 So. 2d 968, 973 (Miss. 2001) (holding that because probable cause is an essential element of the tort of malicious prosecution, the existence of probable cause negates any claim for malicious prosecution under Mississippi law).

Under Mississippi law, the existence of an indictment establishes probable cause as a matter of law. See Rogers v. State, 881 So. 2d 936, 940 (Miss App. 2004). Having established that Porter's indictment served to conclusively establish the existence of probable cause in the prior proceeding, Plaintiff has failed, as a matter of law, to establish the requisite elements for a malicious prosecution claim. Therefore, Defendant Farris is entitled to summary judgment on this claim.

### IV. Conclusion

It is the opinion of the Court that the underlying claims against Defendant Farris is dependent upon whether Porter's indictment served to conclusively established the existence of probable cause for his arrest. This issue is identical to the one resolved in Porter I. Whether Porter's indictment conclusively established the existence of probable cause was ultimately determined against Porter as a necessary part of the judgment in that action. Therefore, Porter failed to show the existence of a genuine issue for trial. Porter is barred by the doctrine of collateral estoppel from litigating his claims against Defendant Farris.

A separate order in accordance with this opinion shall issue this day.

    **SO ORDERED** this the 13th day of August 2008.

                                          **/s/ Sharion Aycock**
                                          **UNITED STATES DISTRICT JUDGE**